# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
THE BLACK 2014 BMW 650, BEARING VIN NUMBER ) Case No. 24-SW-222
WBA6B2C5XED129433, CURRENTLY LOCATED AT )
3155 V STREET, N.E., WASHINGTON, D.C. UNDER )
RULE 41 )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

Located within the jurisdiction of the District of Columbia, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C § 113(a)(6) | (Assault Causing Serious Bodily Injury) ; |
| 36 C.F.R. § 4.2 | (Reckless Driving) ; |
| 36 C.F.R. § 4.21(c) | (Speeding). |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Benjamin Tomasiello, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone  *(specify reliable electronic means)*.

Date: 7/9/2024

*Judge's signature*

City and state: Washington, D.C.    Moxila A. Upadhyaya
(United States Magistrate Judge)

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ✓ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>THE BLACK 2014 BMW 650, BEARING VIN NUMBER WBA6B2C5XED129433, CURRENTLY LOCATED AT 3155 V STREET, N.E., WASHINGTON, D.C. UNDER RULE 41 | ) ) ) ) ) ) ) Case No. 24-SW-222 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located within the jurisdiction of the District of Columbia.
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before   July 22, 2024   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ✓ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Moxila A. Upadhyaya  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   7/9/2024                                   _____
                                                                                   *Judge's signature*

City and state:   Washington, D.C.                              Moxila A. Upadhyaya
                                                                                   United States Magistrate Judge

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** |||
|---|---|---|
| Case No.: <br> 24-SW-222 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||
| **Certification** |||

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_Executing officer's signature_

_Printed name and title_

## **ATTACHMENT A**

*Property to be searched*

The property to be searched is the **BLACK 2014 BMW 650**, bearing VIN Number **WBA6B2C5XED129433**, currently located at the United States Park Police impound/seizure lot, 3155 V Street, N.E., Washington, D.C. (the "TARGET VEHICLE ").

## ATTACHMENT B

*Property to be seized*

The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C § 113(a)(6) (assault causing serious bodily injury), 36 C.F.R. § 4.2 (reckless driving), and speeding in violation of 36 C.F.R. § 4.21(c),(the TARGET OFFENSES, that have been committed by **DASSE HERVE PATRICK MADOU** ("the Subject") including but not limited to:

1. Any indicia of ownership of the TARGET VEHICLE, including vehicle registration and insurance paperwork;

2. Any and all electronically stored information on Event Data Recorder ("EDR") of the target vehicle described in Attachment A, relating to the crash sustained on May 1, 2024, including:

    a. Airbags; and

    b. Stored electronic data, information images, and related digital storage, and/or vehicle diagnostic data from the EDR, specifically the data stored within the EDR and the Air Bag Module or other electronic systems within the TARGET VEHICLE , including, but not limited to:

        i. unique device identifiers;

        ii. time updates;

        iii. track logs;

        iv. traction events;

        v. traffic updates;

        vi. stop/start log;

vii. GPS warnings;

viii. hard acceleration;

ix. hard braking;

x. light status;

xi. odometer reading;

xii. gear shifts;

xiii. historical navigation data;

xiv. historical speed data;

xv. historical event data; and

xvi. data streaming services and related content.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF THE BLACK 2014 BMW 650, BEARING VIN NUMBER WBA6B2C5XED129433, CURRENTLY LOCATED AT 3155 V STREET, N.E., WASHINGTON, D.C. UNDER RULE 41** | SW No. 24-SW-222 |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41
FOR A WARRANT TO SEARCH AND SEIZE**

I, Officer Benjamin Tomasiello, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search for and seizure of the **BLACK 2014 BMW 650**, bearing VIN Number **WBA6B2C5XED129433**, currently located at the United States Park Police ("USPP") impound/seizure lot, **3155 V STREET, N.E., WASHINGTON, D.C.** (hereinafter the "TARGET VEHICLE "), a description of which is contained and more fully described in Attachment A, for evidence relating to the offenses described herein, including but not limited to evidence of electronically stored information, as more particularly described in Attachment B.

2. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is described in substance and is not intended to be a verbatim recitation of such statement. Wherever in this affidavit I quote statements, those quotations have been taken from draft transcripts, which are subject to further revision.

3. Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I've drawn from my training, experience, and knowledge of the investigation.

## AFFIANT BACKGROUND

4. Your affiant has been a police officer with the United States Park Police for over 15 years (1/09). Your affiant has worked on the Parkways managed by the USPP for much of his career. Your affiant has handled 100's of vehicle crashes, ranging from minor property damage to multiple vehicle fatalities. Your affiant has been a crash reconstructionist for 10 years and handled over 25 fatal or serious personal injury crashes where a reconstruction was completed. Your affiant has assisted on 25 or more fatal or serious personal injury crashes. Your affiant has imaged 50-75 electronic device recorder's (EDR) for crash investigations and is trained in interpreting the collected data to see if it is relevant to the investigation.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all of my knowledge, or the knowledge of others, about this matter. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C § 113(a)(6)[1] (assault causing serious bodily injury), 36 C.F.R. § 4.2 (reckless driving), and 36 C.F.R. § 4.21(c)

---

[1] In *United States v. Lewis*, the Fourth Circuit held that assault resulting in serious bodily injury is a general intent crime. *United States v. Lewis*, 780 F.2d 1140, 1142-43 (4th Cir. 1986). Because assault is a general intent crime, "[a] specific intent to cause harm is not necessary. All that is required is that the defendant assaulted the victim and, in the case of 18 U.S.C. § 113(a)(6), evidence that the assault resulted in serious bodily injury." *United States v. Watty*, 383 F. App'x 293, 294 (4th Cir. 2010) (internal citations omitted)."

(speeding), (the "Target Offenses") that have been committed by **DASSE HERVE PATRICK MADOU** ("the Subject"). There is also probable cause to search the TARGET VEHICLE, further described in Attachment A, for the things described in Attachment B.

## **PROBABLE CAUSE**

6. My basis for believing that evidence of a crime is located within the TARGET VEHICLE, is as follows:

7. On or about May 1, 2024 at approximately 4:42 p.m., USPP responded to a crash involving two motor vehicles on the northbound side of the George Washington Memorial Parkway, at Daingerfield Island Marina, which is in the special maritime and territorial jurisdiction of the United States within the Eastern District of Virginia.

8. Your affiant was dispatched to the scene for crash reconstruction due to possible life-threatening injuries to the driver of a Honda Odyssey Minivan. Upon arriving at the crash scene, your affiant saw both vehicles involved still at the site of the accident, including a 2018 Honda Odyssey Minivan that appeared to have been struck on the driver's side by a black 2014 BMW 650.

9. A witness (W-1) observed the events leading up to, during, and after the collision between the TARGET VEHICLE and the Honda Odyssey Minivan. The witness relayed the information in Paragraphs 9 and 10 to your affiant upon questioning:

10. The TARGET VEHICLE**,** which was tailgating W-1 in the left lane, quickly changed to the right lane and accelerate rapidly, striking the Honda Odyssey as it crossed the intersection exiting Dangerfield Island. W-1 reported that the TARGET VEHICLE was "speeding, extremely quickly." Specifically, W-1 stated they observed the vehicle in their rearview mirror approaching before it started tailgating them and stated that they could see how

fast it was moving, estimating the vehicle's speed to be more than 100 miles per hour. The force of the crash redirected the Honda Odyssey, causing it to begin a clockwise spin and overturn.

11. The Honda Odyssey came to rest on its roof a signficant distance from the area of impact. The TARGET VEHICLE left the roadway and entered the median, bottomed out in a drainage culvert/ditch and continued in the median until it came to rest. Both vehicles appeared to have traveled a meaningful distance post-crash before coming to rest. The impact between the TARGET VEHICLE and the Honda Odyssey was significant enough that the engine (in its entirety) from the Honda Odyssey was thrown or ejected from the vehicle and came to rest in a grassy roadside area.

12. Your affiant located a Maryland driver's license inside the TARGET VEHICLE, belonging to a **DASSE HERVE PATRICK MADOU**. Dispatch pulled records for the TARGET VEHICLE using the tag information which listed the owner of the Maryland driver's license, **MADOU**, as the registered owner. Based on this evidence, the registered owner and driver of the TARGET VEHICLE was identified as **DASSE HERVE PATRICK MADOU.**

13. Investigator-1 responded to GW Hospital on the evening of the crash to get a status update on the parties involved in the crash. Investigator-1 advised your affiant that all parties involved would survive the crash. Investigator-1 spoke with **MADOU** and relayed the details of that conversation. **MADOU** told Investigator-1 that he was traveling Northbound on the George Washington Parkway behind a brown BMW, traveling 50 mph. He said he switched from the left lane to the right lane right before a van pulled out to enter the median turn lanes. **MADOU** stated he doesn't remember anything after that. Investigator-1 then spoke with V-1 ("victim-1") (the driver of the minivan) who stated they were leaving the marina to turn left on the George Washington Parkway, towards Slaters Lane. V-1 said they stopped at the stop sign,

looked left and saw no traffic except for an orange car. V-1 stated they accelerated to go across northbound George Washington Parkway to get to the median turn lane.

14. Your affiant spoke briefly with **MADOU** on Thursday, May 2, 2024. At that time, **MADOU** had been released from the hospital. Your affiant asked **MADOU** what happened, and he stated that he was coming from Old Town and traveling in the left lane behind another BMW (W-1's vehicle). **MADOU** then said he went to pass W-1 on the right and while doing so, the minivan of V-1 was crossing through the intersection. **MADOU** was unable to avoid striking the minivan. **MADOU** then said that he thinks he went unconscious. Your affiant asked **MADOU** how fast he was traveling and he said 50 miles per hour.

15. The posted speed limit on this part of the George Washington Parkway is 40 miles per hour.

16. On the evening of the collision, both vehicles involved were towed from the scene. The TARGET VEHICLE was towed to Henry's Towing. The gray Honda Odyssey was towed to Al's Towing.

17. On Monday, May 6, 2024, your affiant called both Henry's Towing and Al's Towing and placed a police ordered seizure on the vehicles and advised that your affiant would organize having both vehicles transported to the United States Park Police's secure lot at 3155 V Street N.E., Washington, D.C.

18. On Tuesday, May 7, 2024 both vehicles (the TARGET VEHICLE and Honda) involved in the collision were towed directly to United States Park Police's secure lot at **3155 V STREET, N.E., WASHINGTON, D.C.** (more fully described in Attachment A). The lot is a covered warehouse that requires a keypad and key to access. The TARGET VEHICLE and V-1's vehicle have remained in that secured lot since Tuesday, May 7, 2024. On May 13, 2024,

5

**MADOU** contacted United States Park Police, identifying himself by name and requesting the location of his vehicle for photos for his insurance company.

19. Your affiant contacted the son of V-1 in June of 2024, who reported that his father sustained the following injuries: multiple fractured ribs, fractured sternum that required surgery, collapsed lung, brief respiratory failure, and a lacerated kidney. V-1 was hospitalized in critical condition for two weeks and then transferred to another hospital for recovery for another two weeks. V-1 is currently receiving physical therapy to continue recovery.

20. Based on the above information, I have probable cause to believe that **MADOU** committed violations of 18 U.S.C § 113(a)(6) (assault causing serious bodily injury), 36 C.F.R. § 4.2 (reckless driving), and speeding in violation of 36 C.F.R. § 4.21(c). I further submit that there is probable cause to believe that the TARGET VEHICLE contains fruits, evidence and instrumentalities of the subject offenses, as more fully described in Attachment B.

21. Your affiant knows that individuals typically keep documents or objects that are indicia of occupancy and ownership within their vehicles. Moreover, for the reasons stated herein, and because Event Data Recorder information will provide data about the target vehicle's speed before and at the time of the crash, I further submit that there is probable cause to believe that any Event Data Recorder information that exists in the TARGET VEHICLE contains fruits, evidence, and instrumentalities of the subject offenses, as more fully described in Attachment B.

## TECHNICAL BACKGROUND REGARDING THE TARGET VEHICLES

22. Based on my training and experience, as well as discussions with other experienced law enforcement officers and witnesses. I have learned that:

   a. Many modern vehicles are equipped with sensors, cameras, transmitters, and electronic control units (ECUs) to monitor and exchange vehicle operations, track

vehicle movement, and exchange information with other vehicles and infrastructure. These systems also enable motor vehicles to interface with various types of mobile devices to facilitate the use of applications, including third party navigation, wireless telephone, streaming, and the like. To perform these functions, modern motor vehicles collect, process, and store significant volumes of data.

b. In addition, one commonly installed ECU within motor vehicles is the telematics systems – sometimes referred to as the Telematics Control Unit. This system typically retains large amounts of user data within the vehicle.

c. A vehicle's telematic system typically collects and stores diagnostic data from various systems (other ECUs) within the vehicle, including historical navigation points, speed, and event data. Historical event data may include information regarding when the car's trunk, doors, and windows opened and closed, when headlights turned off and on, and when gears changed or brakes were engaged.

d. The telematics system is for collecting and reporting (transmitting) information such as vehicle use data, maintenance requirements, and automotive servicing about the vehicle. Typical telematics data may include turn by turn navigation, remote access, emergency calling, and maintenance notifications. Examples include Dodge's Uconnect, General Motors' OnStar, BMW's "Assist" (as relevant here), and Mercedes' "mbrace." Some of these systems are integrated multimedia and navigation and telematics systems in one (combined infotainment/telematics systems) like Toyota's "Entune" and Ford's "Sync."

e. I am aware that BMW has vehicles equipped with "Event Data Recorders" (EDR) also called an Airbag Control Module (ACM) installed by the manufacturer that were manufactured in 2014. The EDR is a combination of an accelerometer and a computer algorithm integrated into the ACM. These components are capable of recording and storing several parameters existing while the vehicle is in motion, at the time of the crash and five seconds prior to the crash. The EDR and ACM are very similar to the "Black Box" found on an aircraft. Some of the parameters include: the state of the driver's seatbelt switch, any diagnostic codes present at the time of the crash, headlight status, engine RPMs, vehicle speed, brake status and throttle position. This information can be obtained by downloading the data into a computer interface with a CDR retrieval kit and or other forensic software.

f. I submit that the data on the EDR and/or ACM is essential in providing data to further determine any and all factors that may have contributed to the crash. The data analysis is needed by the crash reconstructionist to determine the underlying cause of the crash. Such information is relevant to the commission of the offenses that led to the crash and life-threatening injuries to V-1.

g. As previously stated, the ta TARGET VEHICLE is a black 2014 BMW 650. To complete a forensic extraction from the TARGET VEHICLE it may be necessary, temporarily, to remove trim and other components of the target vehicle to access the information subject to search. It may also be necessary to repair the device, replace the screen, reconnect wires, and replace batteries. It may be necessary to employ advanced forensic processes to bypass locked display screens and other data access restrictions. Advanced processes may include potentially destructive

    forensic techniques used to remove memory chips from computers and other electronic storage containers that may be found within the TARGET VEHICLE. In the event that potentially destructive processes are required to perform this extraction, parts of the TARGET VEHICLE may be destroyed and rendered useless.

h. The requested warrant authorizes a later review of the media and information seized or copied from the TARGET VEHICLE, which review may continue past the date required for execution of the warrant.

## CONCLUSION

23. Based on the above information, I respectfully submit that this affidavit supports probable cause for a warrant authorizing a search of the TARGET VEHICLE (as described in Attachment A) to seize fruits, evidence, and instrumentalities of the offenses described herein, for the items described in Attachment B, to include the electronically stored information within the TARGET VEHICLE.

Respectfully submitted,

*[signature] # 0680*

Benjamin R Tomasiello
Officer
United States Park Police

Affidavit submitted by email and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) by telephone on July 9, 2024.

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE